UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES O'SHEA,<br><br>           Plaintiff,<br><br>v.<br><br>NAPA STATE POLICE AND HOSPITAL STAFF, et al.,<br><br>           Defendants. | Case No. 24-cv-01872-TLT<br><br>**ORDER OF SERVICE;**<br>**DENYING MOTION FOR**<br>**INJUNCTIVE RELIEF;**<br>**GRANTING PLAINTIFF'S MOTION**<br>**TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 1, 4 |

## I.    INTRODUCTION

Plaintiff, who was previously a pretrial detainee at the San Mateo County Jail and is currently at Napa State Hospital, filed a motion for injunctive relief to stay or stop forced psychiatric medication. ECF 1. Although plaintiff had not yet filed the required application to proceed *in forma pauperis* (IFP), and the Court had not yet screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A,[1] the Court ordered defendants to respond to plaintiff's motion for injunctive relief. ECF 3. Defendants filed an opposition on April 10, 2024. ECF 6. Plaintiff has not filed a reply.[2] The Court will grant plaintiff leave to proceed IFP in a separate order. The Court will deny the motion for immediate injunctive relief at this time, grant plaintiff's motion to amend the complaint and construe ECF 1 and ECF 4 together as the complaint, and order service on

---

[1] Because plaintiff is detained at Napa State Hospital and being treated to restore competence to stand trial for accused crimes, see ECF 6 at 3, he is a prisoner within the meaning of section 1915A.

[2] Before defendants filed their opposition, plaintiff filed a motion for leave to amend his complaint. ECF 4. In it, he stated that a John Doe supervisor stated in the hallway on March 28, 2024 that he would provide the missing pages 3 and 4 of the superior court medication order. Defendants opposed the request and asked that the Court screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

1   defendant Dr. Mall.

## II. BACKGROUND

### A. Plaintiff's Motion

Plaintiff's motion for injunctive relief suggests that there is a scheme in which the judge who ordered his involuntary medication, San Mateo County Superior Court Judge Wendler, is involved in a conspiracy or cover up with county officials involved in his prosecution. Plaintiff says he has never seen the full forced medication order, that it is unnecessary and illegal, and that there was an unreasonable delay between the date of the order and when forced medication began. Plaintiff alleges he did not have a hearing or discovery, and that his private public defender Cherie Wallace was coerced or intimidated. ECF 1 at 5. He says the medication order was signed weeks after he filed a second amended complaint in United States District Court case number 23-cv-00015.[3] *Id.* at 6.

Plaintiff alleges that Napa State Hospital decided, on defendant Dr. Mall's orders, to force by restraint and violence psyche medication on plaintiff after 90 days, which plaintiff contends is illegal. *Id.* at 7. Plaintiff states there is no reason for him to be receiving this medication and he did not receive due process. He asks the Court to enjoin the forced medication for 30-90 days until a cooling off period is determined under the 14th Amendment. *Id.* Plaintiff says he has filed numerous state hospital grievances and complaints that have not been answered. *Id.* at 8. He alleges defendant Mall or other staff from Napa State Hospital started giving him forced medication after 90 days on March 13, 2024, which was six months after Judge Wendler's order. *Id.* at 9, 10. Defendants "threatened to use force to administer medication of a psycho-active nature or purpose with no predicate or precursor charge, offense, or discipline/write up or infractions." *Id.* at 10.

Plaintiff filed a motion to amend his complaint, in which he states that "the drugs appear to

---

[3] Plaintiff filed an Amended Complaint on July 31, 2023 in case number 23-cv-00015-TLT, in which he alleges that the booking officer and intake nurse who conducted his intake procedures during his November 19, 2022 arrest at the San Mateo County Jail were deliberately indifferent to his serious medical need, in violation of the 8th Amendment, by taking away his "C-Collar or hard collar neck brace."

2

cause chest pain and high blood pressure and are extremely dangerous due to history of brain injury, severe concussions, broken and fractured vertebrates, brain and spinal fusion surgery, and heart and lung damage." ECF 4 at 3.

### B. Defendant's Opposition

Defendants state that defendant Mall followed a lawful court order by Judge Wendler to involuntarily administer medication to plaintiff. ECF 6 at 1-2. The order was signed on August 30, 2023, and plaintiff's attorney waived his presence in court because he was not medically cleared to attend. *Id.* at 2. Plaintiff attended a subsequent status of transport hearing in front of Judge Wendler, along with his counsel, on October 16, 2023. *Id.* On October 27, 2023, Judge Wendler entered plaintiff's Order of Commitment and authorized Napa State Hospital to administer involuntary antipsychotic medication. *Id.*

Defendants ask the Court to take judicial notice of the minute orders in plaintiff's case, San Mateo County Superior Court No. 22-NF-014120-A, from August 30, 2023 and October 16, 2023, as well as the October 27, 2023 commitment order, and have filed copies of all three documents on this Court's docket.

## III. DISCUSSION

### A. Screening Plaintiff's Complaint

The Court grants plaintiff's request to amend and construes ECF 1 and ECF 4 together as the complaint, which is now before the Court for screening pursuant to 28 U.S. Code § 1915A.

#### 1. Legal Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon
3  which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to
4  state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
5  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
6  formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must
7  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
8  127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to
9  state a claim for relief that is plausible on its face." *Id.* at 1974.

10  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
11  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
12  violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
13  42, 48 (1988).

14  If a court dismisses a complaint for failure to state a claim, it should "freely give
15  leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to
16  deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,
17  repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the
18  opposing party by virtue of allowance of the amendment, [and] futility of amendment."
19  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

20  **2.    Analysis**

21  Liberally construed, plaintiff states a cognizable due process claim against defendant Mall
22  for involuntarily medicating him, which plaintiff claims is unnecessary and causing harmful side
23  effects. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (inmate has significant liberty
24  interest in avoiding unwanted administration of medication under the Due Process Clause); see
25  also *United States v. Loughner*, 672 F.3d 731, 744 (9th Cir. 2012) (same). Defendant Mall retains
26  an independent obligation to ensure that involuntary medication is appropriate for plaintiff and
27  consistent with the superior court's involuntary medication order and plaintiff's constitutional
28  rights.

4

Plaintiff's remaining allegations—regarding Judge Wendler's role and/or plaintiff's attorney's role in his involuntary commitment and/or medication, Napa State Police and any other medical staff and John Does, retaliation, regarding his criminal prosecution and evidence tampering—are dismissed as repetitive with plaintiff's other dismissed and barred lawsuits, noncredible, barred by various abstention doctrines, and brought against immune defendants.

The Court will order service of plaintiff's complaint on defendant Dr. Mall.

### B. Plaintiff's Motion for Immediate Injunctive Relief

#### 1. Legal Standard

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The substantive standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

#### C. Analysis

The Court takes judicial notice of the August 30 and October 16 minute orders and October 27 commitment order in plaintiff's superior court case. Fed. R. Evid. 201, see *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The August 30 minute orders shows that plaintiff was not medically cleared by the jail to attend court and waived his

personal appearance, that the court found him not competent to stand trial, that he was to be delivered to the Department of State Hospitals for a maximum of 2 years, that his mental disorder required medical treatment with antipsychotic medication, and that the court authorized the treatment facility to involuntarily administer antipsychotic medication pursuant to California Penal Code section 1370(a)(2)(B)(iii). ECF 6-1 at 4.

The October 16 minute order shows that plaintiff was present. ECF 6-1 at 7. The October 27 commitment order shows that a licensed psychologist was appointed to investigate plaintiff's mental competency, and that the court found that he was not competent within the meaning of California Penal Code section 1367, et seq. ECF 6-1 at 10. The court ordered plaintiff committed to Napa State Hospital for treatment to restore competency and that he be delivered there within 60 days. *Id.* at 10-11. The court found that plaintiff lacked capacity to make decisions regarding antipsychotic medication, and that his mental disorder required antipsychotic treatment, and authorized the facility to administer it involuntarily as prescribed by a treating psychiatrist pursuant to California Penal Code section 1370(a)(2)(B)(iii). *Id.* at 11. The Court ordered the maximum commitment period of 2 years. *Id.* at 12.

In light of the court's involuntary medication order and minutes, plaintiff cannot demonstrate a likelihood of success on the merits. The Court will require Dr. Mall to respond to the lawsuit, but based on the information currently in front of the Court, it does not appear likely that plaintiff is being involuntarily medicated in violation of his constitutional rights. A judge made a determination according to the California regulations, complete with a hearing and investigation by a psychologist. Plaintiff's motion for immediate injunctive relief is denied.

**IV.   CONCLUSION**

1. Plaintiff's motion to amend his complaint (ECF 4) is GRANTED.

2. Plaintiff's motion for immediate injunctive relief (ECF 1) is DENIED.

3. Plaintiff has stated a cognizable fourteenth amendment due process claim against defendant Dr. Mall. All other claims and defendants are DISMISSED.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (ECF 1 and

1  ECF 4), and a copy of this Order to Dr. Mall at Napa State Hospital, 2100 Napa Vallejo Hwy,
2  Napa, CA 94558.  Additionally, the Clerk shall mail a copy of this Order to plaintiff.

3       5.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     6.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

     a.     No later than **sixty (60) days** from the date their answer is due, defendant/s shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

1  in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss
2  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
3  However, the Court notes that under the law of the circuit, in the rare event that a failure to
4  exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule
5  12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
6  motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*
7  *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available
8  administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),
9  should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to
10 exhaust is not clear on the face of the complaint, Defendants must produce evidence proving
11 failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence
12 viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
13 summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment
14 should be denied and the district judge, rather than a jury, should determine the facts in a
15 preliminary proceeding.  *Id.* at 1168.

16     If defendants are of the opinion that this case cannot be resolved by summary judgment,
17 they shall so inform the Court prior to the date the summary judgment motion is due. All papers
18 filed with the Court shall be promptly served on plaintiff.

19         b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
20 and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'
21 motion is filed.

22         c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of
23 the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
24 must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
25 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
26 any fact that would affect the result of your case, the party who asked for summary judgment is
27 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
28 makes a motion for summary judgment that is supported properly by declarations (or other sworn

1    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

2    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

3    as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

4    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

5    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

6    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

7    F.3d at 962-63.

8          Plaintiff also is advised that—in the rare event that defendants argue that the failure to

9    exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

10   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

11   prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

12   exhaust your available administrative remedies before coming to federal court.  Such evidence

13   may include: (1) declarations, which are statements signed under penalty of perjury by you or

14   others who have personal knowledge of relevant matters; (2) authenticated documents—

15   documents accompanied by a declaration showing where they came from and why they are

16   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

17   in your complaint insofar as they were made under penalty of perjury and they show that you have

18   personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

19   dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

20   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

21   issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

22         (The notices above do not excuse defendants' obligation to serve similar notices again

23   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

24   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

25         d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the

26   date plaintiff's opposition is filed.

27         e.    The motion shall be deemed submitted as of the date the reply brief is due.

28   No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

8. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. This Order terminates Docket Nos. 1 and 4.

**IT IS SO ORDERED.**

Dated: May 17, 2024

TRINA L. THOMPSON
United States District Judge

10